# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBIN M. LEE, | ) |
| Plaintiff, | ) Case No. 2:14-cv-01426-JAD-CWH |
| vs. | ) **ORDER** |
| CLARK COUNTY DETENTION CENTER, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Motions to Reconsider Order on Appointment of Counsel (docs. # 36, # 53) and Motion to Extend Discovery (doc. # 54).[1] Also before the Court is Defendants' response (doc. # 55). Plaintiff did not file a reply.

## BACKGROUND

Plaintiff, proceeding pro se, brings this civil rights action for false arrest and unlawful detention. See Doc. # 1. Plaintiff initially filed this action in state court on March 21, 2014. See Doc. # 1. Defendants subsequently removed this action to federal court on September 3, 2014. See id.; Doc. # 2. On March 2, 2015, Plaintiff filed a motion for appointment of counsel, which this Court denied on March 6, 2015. See Doc. # 26; Doc. # 27. Thereafter, this Court entered a scheduling order governing discovery in the instant case. See Doc. # 30.

---

[1] The Court notes that it will review Plaintiff's motions in this limited instance despite Plaintiff's failure to file points and authorities in support of his motions pursuant to Local Rule 7-2(d).

**DISCUSSION**

**1.      Motions to Reconsider Order on Appointment of Counsel (docs. # 36, 53)**

Plaintiff asks the Court to reconsider its prior order denying appointment of counsel. According to Plaintiff, he is entitled to counsel because although he is able to articulate his claims, he is indigent, incarcerated, and is unable to access the Federal Rules of Civil Procedure ("FRCP") via the internet.

In opposition, Defendants ask the Court to deny Plaintiff's request, alleging that Plaintiff's claim for unconstitutional confinement is meritless and therefore does not warrant appointment of counsel. Defendants explain that Plaintiff was properly held in custody by the Clark County Detention Center ("CCDC") while awaiting transport to Lakes Crossing in Reno. Thereafter, per Defendants, the CCDC was informed by the U.S. Marshals Service of Plaintiff's pending federal case in Hawaii, at which time a state court judge removed Plaintiff from the transport list to Lakes Crossing, dismissed the criminal case against Plaintiff, and released Plaintiff to federal custody on October 24, 2013. Defendants also ask the Court to deny Plaintiff's request because while Plaintiff is incarcerated, he has submitted multiple discovery requests to date suggesting his capacity to engage in discovery, and the issues in this case are not complex. Defendants further point to Plaintiff's well-written pleadings, which purportedly demonstrate Plaintiff's access to resources, along with his ability to articulate his claims. Plaintiff did not file a response.

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Ageyman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). However, "[t]here is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citations omitted). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates: (1) the likelihood of plaintiff's success on the merits, and (2) plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331. The court has considerable discretion in making these findings.

As before, the Court finds that the exceptional circumstances necessary to justify appointment of counsel are not present here. The Court also agrees with Defendants that Plaintiff has demonstrated his ability to litigate this case thus far, and the issues in this case are not complex. The Court further notes that Plaintiff is not entitled to unlimited internet access just so he can review the FRCP, and Plaintiff should turn to printed materials made available to inmates at the prison law library. As such, Plaintiff's motions are denied.

**2. Motion to Extend Discovery (doc. # 54)**

Plaintiff also asks the Court to extend discovery so he can add two more defendants in the instant case. Defendants did not file a response.

This Court notes that discovery is already closed, and Plaintiff fails to provide a viable basis for extending discovery in the instant case. This Court also notes that Plaintiff's request is more properly brought in a motion to file an amended complaint, and not in the instant motion. As such, the instant motion is denied.

**CONCLUSION AND ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motions to Reconsider Order on Appointment of Counsel (docs. # 36, # 53) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Discovery (doc. # 54) is **denied**.

DATED: June 29, 2015

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**