UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBIN M. LEE

    Plaintiff

v.

CLARK COUNTY DETENTION CENTER, et al.,

    Defendants

2:14-cv-01426-JAD-CWH

**Order Granting Motion to Dismiss with Limited Leave to Amend, Denying Motions to Reconsider Requests for Appointment of Counsel, and Denying Motions for Summary Judgment as Moot**

(##5, 25, 28, 39, 42, 43, 58, 62, 66, 73)

Defendants former Las Vegas Metropolitan Police Department (Metro) Sheriff Doug Gillespie and the Clark County Detention Center (CCDC) move to dismiss this civil-rights action brought against them by pro se inmate plaintiff Robin Lee. Lee alleges that, while he was detained at the CCDC, the jail ignored a court order to transfer him to the Lake's Crossing facility for a mental competency evaluation, resulting in his wrongful arrest and unconstitutional detention for 85 days before his state-court case was dismissed and he was transferred to federal custody on other charges.

Lee concedes that his thin complaint is "very vague" and asks for leave to amend. I find that Lee has not pled—and cannot plead—plausible wrongful-arrest and unlawful-detention claims on these facts because he does not dispute there was probable cause for his arrest and detention. As a result, I grant the motion to dismiss. It appears that Lee is really attempting to assert a Fourteenth Amendment claim based on a deliberate indifference to mental health needs. If Lee believes, based on the guidance in this order, that he has the facts to state such a claim, he has until September 18, 2015, to do so. Because I am giving Lee one more chance to state a plausible claim, I deny the pending crossmotions for summary judgment as moot and Lee's request for a trial date as premature. I also deny Lee's requests for court-appointed counsel because he has not demonstrated exceptional circumstances to justify it.

## Background

### A. Lee's Allegations

According to Lee's two-page complaint, he was arrested on August 1, 2013, and was soon declared unfit to stand trial.[1] As a result, the state-court judge ordered him sent to Lake's Crossing, a mental health facility in Sparks, Nevada.[2] Lee alleges that he was never sent to Lake's Crossing; instead, the cases against him were dismissed and he "was released from custody."[3] He filed this action against the CCDC and Sheriff Doug Gillespie for "wrongful arrests and illegal incarceration" for the 85 days he went without transfer.[4]

### B. The Federal Proceedings

Lee originally filed this suit in Nevada state court.[5] Defendants removed it and moved to dismiss all of Lee's claims.[6] Lee responded with a request for leave to amend his complaint, conceding that his original complaint is "very vague."[7] But Lee's request did not come with a proposed amended complaint as Local Rule 15-1 requires, so I denied it—along with a second request for leave to amend that suffered from the same problem.[8]

Lee filed two responses to the motion to dismiss,[9] a "Motion to Dismiss the Defendant's Motion to Dismiss"[10] that I construe as a third opposition, and three more motions for leave to

---

[1] See Doc. 1 at 11–12.

[2] Id.

[3] Doc. 1 at 12.

[4] Id. at 11.

[5] Doc. 1.

[6] Doc. 5.

[7] Doc. 12.

[8] Doc. 22.

[9] Docs. 11, 14.

[10] Doc. 28.

amend.[11] Only the third of these requests to amend—Lee's fifth overall—contains a proposed amended complaint.[12] In it, Lee proposes claims against Metro, Sheriff Gillespie, Deputy Chief Charles Hank III, and the unnamed warden of the CCDC for violations of his Eighth, Thirteenth, and Fourteenth Amendment rights.[13] Lee also moves for summary judgment on his proposed claims.[14] Defendants oppose each of these motions[15] and filed their own motion for summary judgment.[16]

Finally, Lee has repeatedly requested court-appointed counsel to represent him in this civil litigation. His first request came in March 2015[17] and Magistrate Judge Hoffman denied it.[18] Lee filed two motions to reconsider that denial.[19] Judge Hoffman denied them because Lee had not demonstrated the "exceptional circumstances" necessary to receive court-appointed counsel.[20] Lee now moves for reconsideration of that decision, too.[21]

Having thoroughly considered all pending motions, responses, and replies—and the entire record of this case—I grant the defendants' motion to dismiss Lee's claims for wrongful arrest and illegal detention with prejudice because I find he can plead no set of facts to support these claims.[22] I

---

[11] *See* Docs. 39, 42, 43.

[12] Doc. 43.

[13] *Id.*

[14] Doc. 58.

[15] *See* Docs. 40, 46, 47, 65.

[16] Docs. 46, 47, 62, 68.

[17] Doc 25 at 2.

[18] Doc. 27.

[19] Docs. 36, 53.

[20] Doc. 57.

[21] Doc. 66.

[22] Doc. 5, 28.

deny his third and fourth motions to amend because they lack the proposed complaint required by Local Rule 15-1. Lee's draft complaint submitted with his fifth motion to amend lacks the facts to support any claim he proposes. However, I find that he appears to be attempting to plead a deliberate-indifference-to-mental-health-needs claim and should have an opportunity to try to plead this claim with the guidance I offer in this order.[23] Thus, I grant his fifth motion to amend in part and give him until September 18, 2015, to file a new amended complaint. I deny Lee's various demands for reconsideration of the magistrate judge's orders denying court-appointed counsel because Lee has not demonstrated exceptional circumstances to justify this relief.[24] Finally, I deny the motions for summary judgment as moot.

## Discussion

**I.   Lee's Complaint Must Be Dismissed Because it Contains No Plausible Claim.**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[25] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to

---

[23] Lee's claims have not yet been screened under the Prisoner Litigation Reform Act (PLRA). This order is intended to serve as both a resolution of all pending motions and the initial screening of Lee's claims.

The PLRA requires federal courts to conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b)(1), (2). The PLRA requires the court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* FED. R. CIV. PROC. 12(b)(6). Whether I had initially evaluated Lee's claims under a PLRA screening or in response to the defendants' motion to dismiss, the result would be the same: Lee has failed to state a claim on which relief may be granted, and his claims must be dismissed with leave to plead a single deliberate-indifference-to-mental-health-needs claim.

[24] Docs. 58, 62, 66.

[25] Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

relief that is plausible on its face."[26] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[27] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[28]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to an assumption of truth.[29] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[30] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[31] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[32] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[33] Although allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers, prisoner claims must be dismissed if they lack an arguable basis either in law or in fact.[34] This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who

---

[26] *Twombly*, 550 U.S. at 570.

[27] *Iqbal*, 556 U.S. at 678.

[28] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[29] *Iqbal*, 556 U.S. at 678–79.

[30] *Id.*

[31] *Id.* at 679.

[32] *Id.*

[33] *Twombly*, 550 U.S. at 570.

[34] *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

are immune from suit or claims of infringement of a legal interest that clearly does not exist) and claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).[35] If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required.[36]

Lee's sparse complaint purports to assert claims against the CCDC,[37] its warden, Metro, and Sheriff Gillespie "for a wrongful arrests [sic] and illegal incarceration" for 85 days.[38] The only facts Lee pleads are that he "was found unfit to proceed and ordered to Lake's Crossing for observation. Plaintiff was never transferred to Lake's Crossing. Cases were dismised on October 18th, 2013. Plaintiff was released from custody on Oct. 24, 2014."[39]

To state a claim for wrongful arrest, Lee would have to allege that he was arrested without probable cause.[40] To state a claim for unlawful detention, Lee would have to allege that he was detained without due process—in other words, that the CCDC did not perform a prompt judicial determination of probable cause within 48 hours of his arrest.[41]

---

[35] See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

[36] See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

[37] Lee's claim against the CCDC suffers from one other fatal problem: the CCDC is just a building, not a legal entity capable of being sued. Lee recognizes this in his proposed amended complaint. He no longer seeks to plead claims against the CCDC itself and sues instead Metro as "the final policy maker for all matters involving the operation of CCDC." Doc. 43 at 3.

[38] Doc. 1 at 11.

[39] Id. at 12.

[40] See Baker v. McCollan, 443 U.S. 137 (1979) (dismissing complaint for wrongful arrest because plaintiff failed to show that officers lacked probable cause, even though the charges against plaintiff were later dropped).

[41] See Gernstein v. Pugh, 420 U.S. 103, 114 (1975) (explaining that the Fourth Amendment requires a "judicial determination of probable cause as a prerequisite to an extended restraint of liberty following arrest"); County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991) (noting that "judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein").

Lee's thin complaint—which he concedes in his first motion for leave to amend is "very vague"[42]—contains none of these required allegations. And not one of his five requests for leave to amend his complaint indicates that Lee could state the essential facts needed to support either claim if given the opportunity. Indeed, Lee's theory is not that there was no probable cause for his arrest or detention. Rather, his theory is that the CCDC violated his rights by not immediately complying with the state court's order to transfer him to Lake's Crossing for a competency assessment. These facts simply do not give rise to a wrongful-arrest or unlawful-detention claim.

I find that Lee has not alleged a valid claim for wrongful arrest or unlawful detention. I also conclude that Lee could not cure these fatal deficiencies in his complaint if given the opportunity for amendment. Accordingly, I grant defendants' motion to dismiss all the claims pled in Lee's original complaint[43] with prejudice.[44]

## II. Although I Deny Each of Lee's Motions for Leave to Amend, I Allow Him an Opportunity to Plead a Single Claim for Deliberate Indifference to His Mental Health Needs.

To date, Lee has filed five motions for leave to amend his complaint. I denied his first two motions because he did not comply with Local Rule 15-1, which requires the moving party to "attach the proposed amended pleading to any motion to amend."[45] I cautioned Lee that if he sought leave again, "his proposed amended complaint must comply with all the rules of this court."[46] But Lee filed two more requests without attaching a proposed complaint—the first asking for permission to add claims against the CCDC's (unnamed) warden "in his individual capacity to include any member

---

[42] Doc. 12 at 2.

[43] Doc. 1 at 11–12.

[44] I also deny Lee's "Motion for an Order to Dismiss Defendant's Motion to Dismiss filed on 9-11-2014." Doc. 28. This document is more appropriately characterized as a response to the defendants' motion to dismiss—and it's Lee's third response at that. *See* Docs. 11, 14, 28. The court does not "dismiss" motions; it grants or denies them. The court "dismisses" claims.

[45] Doc. 22.

[46] *Id.*

of staff under him"[47] and the second seeking to add Metro and its Deputy Chief Charles Hank III.[48] These motions[49] are denied for the same reason I denied the other two: Lee failed to attach the proposed amended complaint draft that Local Rule 15-1 requires. Without it, I cannot determine whether Lee could state plausible claims against these proposed defendants.

Lee satisfied Local Rule 15-1 when he filed his fifth motion to amend.[50] But his proposed amended complaint suffers from several deficiencies that require me to deny Lee's request to file it. The draft contains claims against Metro as "the final policy maker for all matters involving the operation of CCDC," Charles Hank III as "an executive staff member of [Metro] that has authority [for] all [Metro] correctional officers at CCDC," Gillespie as "the policy maker of operation and maintenance of CCDC" and "the commanding officer and policy maker of [Metro]," and the "unknown" warden of CCDC.[51] Lee names the individual defendants in their individual and official capacities.[52]

Now using the court's approved civil-rights-complaint form, Lee now offers more facts than in his original complaint. Describing the nature of his case, he states that he was ordered to Lake's Crossing but "defendants employed by [Metro] failed to obey or observe that order and never transferred" him. He claims he was "being held without due process," and in count one he claims he suffered violations of his Eighth Amendment right "to not be subjected to any cruel and unusual punishment," his Fourteenth Amendment "rights to life, liberty, and properties," and his Thirteenth Amendment "rights of involuntary servitude."[53] He alleges he "suffered psychological misery" and

---

[47] Doc. 39.

[48] Doc. 42.

[49] Docs. 39, 42.

[50] Doc. 43.

[51] Id. at 3.

[52] Id.

[53] Id. at 4–5.

"unnecessary mental anguish."[54]

### A. Lee Cannot State an Eighth Amendment Claim for His Pretrial-detention Conditions.

Lee cannot plead a viable claim under the Eighth Amendment to challenge the conditions of his pretrial detention at the CCDC. Eighth Amendment rights include the right to protection from cruel and unusual punishment,[55] but they "d[o] not attach until after conviction and sentence."[56] Thus, a pretrial detainee cannot challenge his conditions of confinement under the Eighth Amendment.[57] His right to "conditions of confinement that are not punitive" is guaranteed instead by the Fourteenth Amendment's due-process clause.[58] Lee alleges he was a pretrial detainee—not a convicted prisoner—at the time of this rights violation. Because his Eighth Amendment rights had not yet attached, he cannot bring an Eighth Amendment claim.

### B. Lee Offers Nothing to Suggest a Viable Thirteenth Amendment Claim.

The Thirteenth Amendment states that "[n]either slavery nor involutary servitude . . . shall exist within the United States, or any place subject to their jurisdiction."[59] "The Thirteenth Amendment prohibits peonage—a condition in which the victim is coerced by threat of legal sanction to work off a debt to a master."[60] Lee alleges that he was "subjected to a loss of self-

---

[54] *Id.* at 5–6.

[55] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 393 (1989)).

[56] *Graham*, 490 U.S. at 393 n.6 (1989) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 (1977) (citation omitted); *Bell v. Wolfish*, 441 U.S. 520, 535, 535 n.16 (1979)); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002).

[57] *Youngberg v. Romeo*, 457 U.S. 307, 321–24 (1982).

[58] *See id.*

[59] U.S. Const. Amend. XIII.

[60] *Awadby v. City of Adelanto*, 368 F.3d 1062, 1070 (9th Cir. 2004) (quoting *United States v. Kozminski*, 487 U.S. 931, 943 (1988)).

employment income for those 85 days" he was held at the CCDC.[61] This allegation falls far short of claiming a Thirteenth Amendment violation, and I find that Lee could state no facts to support such a claim based on his circumstances.

### C. Lee Should Be Given Leave to Plead a Fourteenth Amendment Claim for Deliberate Indifference to His Mental Health Needs.

Lee's final theory in his single-count proposed amended complaint is that his Fourteenth Amendment right to "life, liberty, and properties" was violated. To the extent he intends to state an unlawful arrest or detention claim under this Fourteenth Amendment theory, he cannot do so for the reasons explained in section I above. When I construe this pro se plaintiff's allegations liberally as I must,[62] it appears that the claim he is attempting to plead may instead be one for deliberate indifference to his mental health needs. I reach this conclusion based on his cruel-and-unusual-punishment claims and his allegations that the staff at the CCDC ignored the state-court judge's order to transfer him to the Lake's Crossing mental health facility for evaluation and, as a result, he suffered unnecessary mental anguish" and "psychological misery."[63]

To state a Fourteenth Amendment claim for deliberate indifference to his mental health needs as a pretrial detainee, Lee must plead true facts to show that (1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need, and (3) as a result, he faced a "substantial risk of serious harm."[64] Deliberate indifference requires "more than mere negligence or isolated occurrences of neglect."[65] Lee must plead facts showing "(1) a purposeful act or failure to respond to

---

[61] Doc. 43 at 5.

[62] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)).

[63] Doc. 43 at 5–6.

[64] *Parsons v. Ryan*, 784 F.3d 571, 576 (9th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Gibson*, 290 F.3d at 1187 (noting that a detainee may state a deliberate-indifference claim based on "psychiatric needs").

[65] *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

a prisoner's medical need and (2) harm caused by the indifference."[66]

Lee has not yet pled facts to show that he has suffered a Fourteenth Amendment violation based on a deliberate indifference to his mental health needs. His proposed complaint lacks facts to show, for example, that he had a serious medical need that required treatment, that he was at risk of serious harm without treatment, that anyone at the CCDC was subjectively aware of that risk, or that the reason he was not transferred to Lake's Crossing during his 85 days was purposeful and not merely negligent. I find, however, that Lee should be permitted the opportunity to try to state true facts to plead this claim.

### 1. Lee insufficiently pled his deliberate-indifference claim against Metro and against Gillespie, Hank, and the CCDC Warden in their official capacities.

Just who the target (or targets) of Lee's deliberate-indifference claim should be triggers additional concerns, standards, and obligations. Lee seeks to plead his claims against Metro and against Gillespie, Hank, and the CCDC Warden in both their individual and official capacities.[67] Suing municipal employees in their official capacities is equivalent to suing the municipal entity itself.[68] Thus, the United States Supreme Court noted in *Kentucky v. Graham* that there is "no longer a need to bring official-capacity actions against local government officials."[69] As a result, courts often dismiss official-capacity claims as duplicative or redundant when the complaint names both the officers and the municipal entity. Because Lee seeks to bring his claim against Metro, he does not also need to assert official-capacity claims against any of its officials.

A local-government entity like Metro may not be sued for a constitutional violation caused solely by its employees or agents.[70] Once a constitutional violation has been demonstrated, there are

---

[66] *Parsons*, 289 F.R.D. 513, 520 (D. Ariz. 2013) aff'd, 754 F.3d 657 (9th Cir. 2014).

[67] Doc. 43 at 3.

[68] *Center for Bio–Ethical Reform Inc. v. L.A. Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008).

[69] *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985).

[70] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

two routes to holding a municipal entity like Metro liable for a constitutional injury. Using the first route, Lee must be able to plead true facts demonstrating that Metro "(1) had a policy that posed a substantial risk of serious harm to [him]; and (2) [Metro knew] that its policy posed this risk."[71] Using the second approach, Lee may state a claim against Metro by pleading true facts that show: (1) Lee possessed a federal right that an officer, acting under color of state law, violated; (2) Metro had a policy enacted by a policy-making official; (3) the policy amounts to deliberate indifference to Lee's constitutional rights; and (4) the policy was the "moving force" behind the violation.[72] Either approach requires the plaintiff to identify the official policy that resulted in a constitutional injury.

In his proposed amended complaint, Lee alleges that Metro was "the final policy maker for all matters involving the operation of CCDC," but he does not identify a Metro policy, practice, or custom that was the moving force behind the alleged constitutional violation. As a result, he has not yet stated a plausible claim for deliberate indifference to his mental health needs. Because I am not yet convinced that Lee, given this guidance and opportunity, cannot plead the facts to support this claim, he should be given leave to try.

### 2. Lee has not stated facts to demonstrate the individual liability of Gillespie, Hanks, or the CCDC warden.

Lee's proposed amended claim likely does not include a claim against Sheriff Gillespie, Deputy Chief Hanks, or the CCDC warden in their individual capacities. Individual suits against police officers or corrections officers require allegations that the officer, acting under color of state law, *personally* caused the deprivation; supervisors cannot be held vicariously liable under § 1983 simply by virtue of their managerial status.[73] Lee's allegations against Gillespie, Hanks, and the CCDC warden fall far short of this requirement. Lee does not allege that any of these individuals

---

[71] *Gibson*, 290 F.3d at 1188.

[72] *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Gibson*, 290 F.3d at 1194 (citing *City of Canton v. Harris*, 489 U.S. 378, 387–89 (1989)).

[73] *Jones v. Williams*, 297 F.3d 930, 934 (9th. Cir. 2002) (holding that police officers cannot be liable for an allegedly unlawful search when there is no evidence they personally participated in the search).

took action personally; he suggests only that they are policy makers and executives at Metro or the CCDC. And it is well-established that "the mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability."[74] Unless Lee can plead true facts that show these individuals directly participated in the deliberately indifferent actions or inactions that prevented him from being transferred to Lake's Crossing, Lee may not include them as defendants in his amended complaint.

In summary, the only claim that I find Lee should have the opportunity to replead is a deliberate-indifference-to-mental-health-needs claim. If Lee chooses to file an amended complaint to state this claim, he must follow the instructions on the form complaint and state the facts clearly, in his own words, describing exactly what each specific defendant did to violate his constitutional rights. He must also use the guidance above to first determine if he has the facts he needs to state a plausible claim.

Lee must file the amended complaint on the court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." He is advised all defendants must be identified in the caption of the pleading and named in the section of the prisoner civil-rights form designated for that purpose. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Lee still must give fair notice of any claim he is alleging against each defendant.

Lee is further advised that if he files an amended complaint, the original complaint (Doc. 1 at 11–12) no longer serves any function in this case. The court will not refer to a prior pleading or other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or other documents. If Lee chooses to file an amended complaint to state a plausible claim for deliberate indifference to his serious mental health needs and cure the deficiencies outlined in this order, he must do so by September 18, 2015. If Lee chooses not to file an amended complaint, this action will be dismissed without prejudice because all pending claims have been dismissed. And because all existing claims have been

---

[74] *Monell*, 436 U.S. at 694 n. 58.

dismissed, both sides' motions for summary judgment[75] are denied as moot and without prejudice.

### III. Lee Has Not Identified Exceptional Circumstances Necessary to Justify Being Appointed Counsel.

Lee has repeatedly requested to be appointed counsel to represent him in this civil matter.[76] He argues that he needs counsel because he is indigent, he has lost his documents and evidence, and his pro se status has caused him to miss deadlines.[77] He also argues that (1) his claims have merit and (2) he has improperly named defendants twice and cannot prepare for trial.[78]

Magistrate Judge Hoffman has already denied three of Lee's requests for counsel.[79] In Judge Hoffman's view, Lee has not demonstrated the "exceptional circumstances"[80] necessary to justify being appointed counsel. In other words, Lee has not shown (1) he is likely to succeed on the merits of his case and (2) he does not have "the ability to articulate his claims pro se in light of the complexity of the legal issues involved."[81]

I now address two more of Lee's requests, both of which come in the form of a motion to reconsider Judge Hoffman's denials of his requests for court-appointed counsel.[82] I review a magistrate judge's order in a pretrial matter under a "clearly erroneous or contrary to law" standard.[83] "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on

---

[75] Docs. 58, 62.

[76] *See* Docs. 25, 36, 53.

[77] *See* Doc. 25 at 2.

[78] *See* Doc. 53.

[79] *See* Docs. 27, 57.

[80] *Palmer*, 560 F.3d at 970.

[81] *Id.*

[82] *See* Docs. 25, 66.

[83] 28 U.S.C. § 636(b)(1)(A); LR IB 1-3.

the entire evidence is left with the definite and firm conviction that a mistake has been committed."[84] An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.[85] I may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[86]

The question here is whether Magistrate Judge Hoffman's order denying appointment of counsel was clearly erroneous or contrary to law. A litigant does not have a constitutional right to appointed counsel in § 1983 civil rights actions.[87] Section 28 U.S.C. 1915(e)(1) gives the court discretion to request an attorney to represent any person unable to afford counsel, but the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[88] In determining exceptional circumstances, a court must consider (1) the likelihood of success on the merits of the case and (2) the plaintiff's "ability to articulate his claims pro se in light of the complexity of the legal issues involved."[89] "Neither of these considerations is dispositive and instead must be viewed together."[90]

Lee has not identified exceptional circumstances to justify appointment of counsel. He acknowledges—and his various filings in this case demonstrate—that he is able to articulate his claims. Lee also states that he prevailed in the "exact situation" in 1999 in Hawaii, which suggests

---

[84] *Concrete Pipe & Products of California, Inc. v. Constr. Laborers Pension Trust for S. California*, 560 U.S. 602, 622 (1993).

[85] *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992), as amended (Sept 17, 1992); *Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 575 (D. Nev. 2012).

[86] *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); 28 U.S.C. § 636(b)(1).

[87] *Storseth v. Spellman*, 654 F. 2d 1349, 1353 (9th Cir. 1981).

[88] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

[89] *Palmer*, 560 F.3d at 970.

[90] *Id.*

he is capable of representing himself in this case.[91] Because the legal issues present are relative to his ability to articulate his claims and his experience, exceptional circumstances do not exist. I therefore exercise my discretion to decline to reconsider Judge Hoffman's order or otherwise grant Lee's request for court-appointed counsel. Lee's motions[92] are denied.

### IV. Other Miscellaneous Matters

In his reply in support of his motion for summary judgment, Lee asks "for a pretrial order per rule 16-3(a)."[93] In light of the rulings contained in this order, which have an outside chance of restarting this case anew, Lee's requests for a date to submit the joint pretrial order and for the court to set this case for trial are denied as premature.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that:

- The defendants' Motion to Dismiss **(Doc. 5) is GRANTED. Lee's original complaint (Doc. 1 at 11–12) is DISMISSED with prejudice**;

- Plaintiff's Motions for Reconsideration of Orders Denying Court-appointed Counsel **(Docs. 25, 66) are DENIED**;

- Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss **(Doc. 28) is DENIED**;

- Plaintiff's requests to amend to add parties **(Docs. 39, 42) are DENIED**;

- Plaintiff's fifth request for leave to amend with proposed amended complaint **(Doc. 43) is GRANTED in PART and DENIED in part. Plaintiff has until September 18, 2015, to file a First Amended Complaint** that complies with the instructions above and cures the deficiencies outlined in this order. In all other respects, the motion for leave (Doc. 43) is denied;

- Plaintiff's Motion for Summary Judgment and Defendants' Motion for Summary

---

[91] Doc. 65 at 5.

[92] Docs. 25, 66.

[93] Doc. 73.

Judgment **(Docs. 58, 62) are DENIED** as moot and without prejudice; and

- Plaintiff's request for a pretrial order and trial setting **(Doc. 73) is DENIED as premature.**

IT IS FURTHER ORDERED **that the Clerk of Court shall send to plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (Doc. 1 at 11–12) and his proposed amended complaint (Doc. 43 at 2–13).** If plaintiff chooses to file an amended complaint, he must use the approved form, write the words "First Amended" above the words "Civil Rights Complaint" in the caption, and comply with the instructions above.

IT IS FURTHER ORDERED that **if Lee does not file an amended complaint by September 18, 2015, that cures the stated deficiencies of the complaint outlined above, this case will be closed.**

Dated August 13, 2015.

_____
Jennifer A. Dorsey
United States District Judge