UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBIN M. LEE,

    Plaintiff,

vs.

CLARK COUNTY DETENTION CENTER, *et al.*,

    Defendants.

Case No. 2:14-cv-01426-JAD-CWH

**ORDER**

This matter is before the Court on Plaintiff's Renewed Motion for Appointment of Counsel (doc. # 77), filed October 8, 2015, Defendant's response (doc. # 80), filed October 23, 2015, and Plaintiff's reply (doc. # 82), filed November 5, 2015. Also before the Court is Defendant's unopposed Motion to Strike Response (doc. # 81), filed October 28, 2015.

**BACKGROUND**

Plaintiff, proceeding pro se, brings this civil rights action for false arrest and unlawful detention. See Doc. # 1. Plaintiff initially filed this action in state court on March 21, 2014. See Doc. # 1. Defendants subsequently removed this action to federal court on September 3, 2014. See id.; Doc. # 2. Thereafter, this Court entered a scheduling order governing discovery in the instant case. See Doc. # 30.

**DISCUSSION**

**1.  Renewed Motion for Appointment of Counsel (doc. # 77)**

Plaintiff asks the Court to reconsider its prior orders denying appointment of counsel on the grounds that he is indigent, incarcerated, and has mental health issues.

In opposition, Defendant asks the Court to deny Plaintiff's request, alleging that Plaintiff again fails to demonstrate any reasonable chance of prevailing on his "newly reformed" allegations. Defendant also argues that even if Plaintiff were to prevail on his claims, Plaintiff fails to show "exceptional circumstances" that would require appointment of counsel in this case. Defendant then argues that while Plaintiff is incarcerated, this does not preclude him from discovering the facts of his case and from submitting discovery requests, and has even done so to date. Defendant next argues that there is no reason why Defendant cannot employ all of the discovery devices at his disposal under Federal Rule of Civil Procedure 26. Moreover, Defendant points out that Plaintiff possesses the ability to conduct research, draft pleadings, and produce reasonable well-written pleadings, as evidenced by, among others, Plaintiff's repeated filings of motions for appointment of counsel. Defendant lastly points out that the legal and factual issues in this case are not so complex, and Plaintiff fails to proffer evidence that would sustain his claim of poverty or indigence.

In reply, Plaintiff restates his earlier assertions and contends that the real reason for Defendant's opposition is a concern for taxpayer money.

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Ageyman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). However, "[t]here is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citations omitted). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates: (1) the likelihood of plaintiff's success on the merits, and (2) plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331. The court has considerable discretion in making these findings.

A review of the record reveals that this is Plaintiff's fourth request for appointment of counsel. See Docs. # 27, # 57, # 74. The Court agrees with Defendant and, as before, finds that the exceptional circumstances necessary to justify appointment of counsel are not present here. As such, Plaintiff's motion is denied.

**2.      Motion to Strike Response (doc. # 81)**

Defendant asks the Court to strike Plaintiff's response to Defendant's answer to the complaint, doc. # 76. Plaintiff did not oppose the instant motion.

Because there are no counterclaims, cross-claims, or third party complaints in the instant case, Defendant's answer does not require a responsive pleading, nor is Plaintiff permitted to file such. See Fed. R.Civ.P. 7(a) (listing allowed pleadings as a (1) complaint, (2) an answer to a complaint, (3) an answer to a counterclaim, cross-claim, or third-party complaint, and (4) if the court orders one, a reply to an answer). Consequently, Defendant's request is granted.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion for Appointment of Counsel (doc. # 77) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's unopposed Motion to Strike Response (doc. # 81) is **granted**. The Clerk of Court is directed to strike Plaintiff's response to Defendant's answer (doc. # 76) from the record.

DATED: December 15, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**