1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4

5

6

7

8

9

Robin M. Lee,

      Plaintiff

v.

Clark County Detention Center, et al.,

      Defendants

**2:14-cv-01426-JAD-CWF**

**Order Denying Motion for Leave to
Amend, Motion for Leave of Court,
Motion for Appointment of Counsel,
and Motion to Amend Proposed
Summons**

[ECF Nos. 84, 91, 92, 99]

10

11

12

13

14

15

      Pro se inmate Robin M. Lee sues the Las Vegas Metropolitan Police Department (Metro) under 42 USC 1983.[1]  Lee alleges that, while he was detained at the Clark County Detention Center, the jail ignored a court order to transfer him to the Lake's Crossing Center for a mental competency evaluation, resulting in his wrongful arrest and unconstitutional detention for 85 days before his state-court case was dismissed and he was transferred to federal custody on other charges.

16

17

18

19

      I previously dismissed Lee's complaint and granted him leave to plead a single claim for deliberate indifference to his mental-health needs.[2]  Lee filed an amended complaint against Metro on September 17, 2015,[3] and defendants answered.[4]  Lee now seeks leave to amend his complaint to add new defendants.[5]  Lee also moves to amend his proposed summons,[6] requests that the U.S.

20

21

22

23

24

25

26

27

28

---

[1] Lee also initially sued the Clark County Detention Center and former Metro Sheriff Doug Gillespie.

[2] ECF No. 74 at 1.

[3] ECF No. 75.

[4] *Id.*

[5] ECF No. 84.

[6] ECF No. 99.

Marshals service serve his proposed amended complaint,[7] and requests court-appointed counsel.[8]  I deny Lee's motion for leave to file a second-amended complaint because it is untimely and his proposed amendment would be futile, and I deny each of Lee's other requests as meritless or moot.[9]

### Discussion

The last day to add claims or parties in this case was May 8, 2015.[10]  When I gave Lee leave to file an amended complaint, I did so for the sole purpose of allowing him to plead a single claim for deliberate indifference to his serious medical needs.  Consistent with that order, Lee filed an amended complaint asserting a single claim for deliberate indifference against Metro.  But Lee now requests leave to amend so that he can file a second-amended complaint naming additional defendants.  Lee seeks to add official-capacity claims against Richard Whitley, Administrator of the Nevada Division of Mental Health and Development Services; Dr. Elizabeth Neighbors, Director of the Lake's Crossing Facility; and Michael J. Wilden, Director of the Nevada Department of Health and Human Resources.[11]

**A.      Standards for leave to amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires."  But leave to amend should be denied if the proposed amendment is futile.[12]  When, as here, leave to amend is requested after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and excusable neglect for the delay.[13]

---

[7] ECF No. 91.

[8] ECF No. 92.

[9] ECF Nos. 91, 92, 99.

[10] ECF No. 30.

[11] ECF No. 84-1.

[12] *Carrico v. City & Cty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

[13] FED. R. CIV. P. 6(b)(1)(B).

**B.      Lee's motion for leave to amend is denied.**

In his two-page motion for leave to amend, Lee explains that he seeks "to add defendants to the defendant party to be state of Nevada and its departments of social services and Lake's crossing which was pointed out by the defense in exhibits submitted how the plaintiff should be pursuing his case verse [sic] the state of Nevada and not [Metro]."[14]  Lee does not identify what exhibits he is referring to.[15]

I find that Lee has not shown good cause or excusable neglect.  Discovery closed on June 7, 2015, and his motion for leave was filed on December 31, 2015.[16]  Even assuming that Lee learned the identity of these defendants through discovery and did not know their identities before filing his original complaint, he certainly knew their identities (or should have) when he filed his first-amended complaint in September 2015.[17]  Lee does not attempt to explain his delay.

Lee's motion for leave to amend is denied for the additional reason that the proposed amendments are futile.  Metro—not officials of the state of Nevada—is the proper target for his § 1983 claim.  The Nevada Division of Mental Health and Developmental Services (and by extension, its officers) is an arm of the state and is entitled to Eleventh Amendment immunity from Lee's claims.[18]  Likewise, Lake's Crossing is a facility for Nevada's Division of Mental Health and Developmental Services,[19] so Lee's official-capacity claim against the facility's director is also barred by the Eleventh Amendment.  Because Lee has not shown good cause or excusable neglect, and his proposed amendments are futile, his motion for leave to amend is denied.

---

[14] ECF No. 84 at 1.

[15] In their motion to dismiss, defendants argued that Metro, and not CCDC, was the proper target for Lee's claims, this may be what he is referring to.

[16] ECF Nos. 30 (discovery scheduling order); 84 (motion).

[17] ECF No. 75.

[18] *Estes v. S. Nev. Adult Mental Health Servs.*, 2007 WL 160770, *4 (D. Nev. Jan. 16, 2007).

[19] NEV. REV. STAT. § 433.233(1)(d).

**C.      Miscellaneous motions**

Lee has also filed an "interim status report leave of court/appt of counsel," in which he requests appointment of counsel and service of his proposed second-amended complaint via the US Marshal's service.[20]  Because I deny Lee's motion for leave to file a second-amended complaint, his request for service of that complaint is moot.

This is Lee's fifth request for appointment of counsel; his previous four requests were denied.[21]  Under 28 USC § 1915(e)(1), courts have discretion to "request" an attorney to represent indigent civil litigants upon a showing of "exceptional circumstances."[22]  Lee conclusorily argues that he "is unable to go to trial or prepare for a trial or submit a witness list and therefore is asking for an appointment of counsel . . . ."[23]  Lee has offered no new facts to show that exceptional circumstances warrant appointment of counsel in this case, and I perceive none.  Accordingly, Lee's request for appointment of counsel is also denied.

Finally, Lee has submitted a motion to remove defense counsel from the proposed summons for his second-amended complaint.[24]  Because I deny Lee's motion for leave to file a second-amended complaint, his motion to amend the proposed summons is also denied as moot.

---

[20] ECF Nos. 91, 92 (duplicates).

[21] ECF Nos. 27, 57, 74, 92.

[22] *See Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

[23] ECF No. 92 at 2.

[24] ECF No. 99.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Lee's motion to amend [ECF No. 84] is DENIED.**  This case will proceed on Lee's single deliberate-indifference-to-serious-medical-needs claim against defendant Las Vegas Metropolitan Police Department only.

IT IS FURTHER ORDERED that **Lee's motion for leave of court [ECF No. 91], motion for appointment of counsel [ECF No. 92], and motion to amend proposed summons [ECF No. 99] are DENIED.**

Dated May 4, 2016.

Jennifer A. Dorsey
United States District Judge