**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBIN M. LEE<br><br>　　Plaintiff<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER, et al.,<br><br>　　Defendants | 2:14-cv-01426-JAD-CWH<br><br>**Order Granting in Part Motion to Strike Unauthorized Surreply**<br><br>(ECF No. 113) |

　　In this civil-rights action, pro se inmate plaintiff Robin Lee alleges that, while he was detained at the CCDC, the jail ignored a court order to transfer him to the Lake's Crossing facility for a mental competency evaluation, resulting in his wrongful arrest and unconstitutional detention for 85 days before his state-court case was dismissed and he was transferred to federal custody on other charges.  Cross-motions for summary judgment are pending.[1]  Although the rules of this court permit only a motion, response, and reply brief, Lee filed a "Response to Defendant Las Vegas Metro Police Dept's Reply (Doc. No. 110) [and] to Plaintiff's Opposition (Doc. No. 105) to Defendant's Motion for Summary Judgement (Doc. No. 101)."[2]  Defendants move to strike the portion of this brief that qualifies as an unauthorized surreply.[3]  Although I decline the request to "strike" the brief under Rule 12(f) because that rule applies only to pleadings, not briefs, I will disregard the unauthorized surreply when evaluating the cross-motions for summary judgment.

**Discussion**

　　The rules of this court do not authorize the filing of a reply to a reply—better known as a "surreply." In fact, local rule 7-2 states that "Surreplies are not permitted without leave of court" and

---

[1] ECF No. 101, 104.

[2] ECF No. 112.

[3] ECF No. 113.

1  that "motions for leave to file a surreply are discouraged."

2      Lee did not seek leave of court before filing his reply to the defendant's reply brief, and I see
3  no independent basis to permit it.  The proper remedy is not to strike this brief under Federal Rule of
4  Civil Procedure 12(f), however, because that rule only permits the striking of a *pleading*, and this
5  brief is not a pleading.[4]  Nevertheless, to the extent that I can determine which portions of this brief
6  constitute an unauthorized surreply, those portions will be disregarded in my evaluation of the cross-
7  motions.

8                                                  **Conclusion**

9      Accordingly, IT IS HEREBY ORDERED that defendants' Motion to Strike Surreply **[ECF
10  No. 113] is GRANTED in part**; to the extent that the court can determine which portions of this
11  brief [ECF No. 112] constitute an unauthorized surreply, those portions will be disregarded in the
12  court's evaluation of the cross-motions for summary judgment.

13      Dated June 23, 2016.

14                                                  _____
15                                                  Jennifer A. Dorsey
                                                United States District Judge

---

[4] *See* Fed. R. Civ. P. 7(a) (defining litigation documents that qualify as pleadings under the Rules).